# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN JACKSON, | Case No. 1:14-cv-02043 AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| HARTLEY, | (Document 27) |
| Defendant. | |

Plaintiff Calvin Jackson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action is proceeding on Plaintiff's Eighth Amendment conditions of confinement claim against Defendant James Hartley, Warden of Avenal State Prison ("ASP").

On November 20, 2015, Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that (1) Defendant is shielded by the doctrine of qualified immunity; and (2) Plaintiff's claims are barred by the statute of limitations. After receiving an extension of time, Plaintiff filed his opposition on February 3, 2016. Defendant filed his reply on February 24, 2016, and the motion is ready for decision pursuant to Local Rule 230(l).

///

///

### A. FACTUAL ALLEGATIONS

Plaintiff is currently incarcerated at California State Prison, Los Angeles County. The events at issue occurred while Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") and ASP.

Plaintiff is a 44-year-old African-American inmate. He was transferred to PVSP in 1999. While at PVSP, Plaintiff complained about not feeling well, and he was transferred to ASP in 2003. Plaintiff remained at ASP until he was transferred in 2010.

Plaintiff became ill in 2005-2006, with trouble breathing and fluid in his lungs. He first noticed symptoms in July 2005. He was formally diagnosed with Valley Fever in May 2007. Plaintiff underwent surgery due to Valley Fever in November 2011. His condition continues to worsen.

When Plaintiff was transferred to ASP, he knew that he was in a high-risk category. He requested a transfer prior to his diagnosis, but the transfer was denied because he did not meet the criteria. Plaintiff alleges that no preventative measures were taken to protect him.

Plaintiff alleges that Defendant Hartley was in a position to transfer Plaintiff from ASP, after his arrival at ASP in 2003 and prior to his diagnosis in May 2007. He also alleges that Defendant failed to take other adequate protective measures.

### B. LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

**C.    QUALIFIED IMMUNITY**

    1.    Legal Standard

Defendant moves to dismiss this action on the basis of (1) qualified immunity; and (2) violation of the statute of limitations. As application of the qualified immunity doctrine is dispositive of Plaintiff's Eighth Amendment claim, the Court will not reach the statute of limitations issue.

The doctrine of qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine if an official is entitled to qualified immunity, the court uses a two part inquiry. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The court determines if the facts as alleged state a violation of a constitutional right, and if the right is clearly established so that a reasonable official would have known that his conduct was unlawful. *Saucier*, 533 U.S. at 200.

The district court is "permitted to exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236. The inquiry as to whether the right was

clearly established is "solely a question of law for the judge." *Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting *Tortu v. Las Vegas Metro. Police Dep't*., 556 F.3d 1075, 1085 (9th Cir. 2009)). In deciding whether officials are entitled to qualified immunity, the court is to view the evidence in the light most favorable to the plaintiff and resolve all material disputes in the favor of the plaintiff. *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003).

Plaintiff bears the burden of demonstrating that the right was clearly established at the time that the defendants acted, *May v. Baldwin*, 109 F.3d 557, 561 (9th Cir. 1997), and defendants cannot be held liable for a violation of a right that is not clearly established at the time the issue occurred. *Brown v. Oregon Dep't of Corrections*, 751 F.3d 983, 990 (9th Cir. 2014). A constitutional right is clearly established when its contours are "sufficiently clear [so] that a reasonable official would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law[.]" *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049 (9th Cir. 2002).

2. <u>Analysis</u>

Defendant argues, and the Court agrees, that the law between 2003 and 2007 was not clearly established so that a reasonable person would have known that that a failure to transfer Plaintiff from ASP, or take preventative measures, was a violation of the Eighth Amendment.

This Court has been faced with a large number of cases involving allegations that prison officials violated the Eighth Amendment by placing inmates in prisons where Valley Fever is prevalent. Recently, in *Smith v. State of California*, Case No. 1:13-cv-0869 AWI SKO (E.D.Cal. Feb. 2, 2016), this Court recognized "the diversity of approaches and the lack of consistent and authoritative case law," as to what facts are sufficient to state a claim, and noted that "this court and others have looked to the doctrine of qualified immunity to provide a more predictable basis for advancing or not advancing an action at the pleading stage."

Indeed, this Court has recently concluded in numerous actions that "obvious, legitimate and reasonable disagreement" amongst the district courts establishes that officials would not have had fair warning that the policy of housing inmates in the endemic region without taking special precautions was unlawful. *Smith v. Schwarzenegger*, Case No. 1:14-cv-0060-LJO-SAB, ---

4

F.Supp.3d.---, 2015 WL 5915353 (E.D.Cal. October 7, 2015) (finding defendants entitled to qualified immunity on similar Eighth Amendment claims); *Nawabi v. Cates*, Case. No. 1:13-cv-00272-LJO-SAB, 2015 WL 5915269 (E.D. Cal. October 7, 2015) (same); *Gregge v. California Department of Corrections*, Case No. 1:15-cv-00176-LJO-SAB (E.D. Cal. Oct. 7, 2015) (same); *Jackson v. Brown*, Case No. 1:13-cv-01055-LJO-SAB, --- F.Supp.3d ---, 2015 WL 5732826, at *1 (E.D. Cal. Sept. 17, 2015).

This case is almost identical to *Smith v. Schwarzenegger* and *Jackson v. Brown*, and the Court finds no reason to depart from their holdings. Given the complicated and unsettled state of the law relating to inmates' placement in prisons within the Valley Fever endemic region, the law was not clearly established so as to give Defendant notice that failing to move Plaintiff from ASP, or take other protective measures, was a violation of a clearly established right.

Plaintiff attempts to avoid this outcome by defining the right at issue as one of basic Eighth Amendment law, i.e., whether prison officials violate the Eighth Amendment when they are aware of a substantial risk of harm yet fail to take reasonable measures to abate it. This definition is too broad, however, to characterize the right at issue. The Court is not to define "clearly established" at a high level of generality. *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2084 (2011). The qualified immunity inquiry is to be taken in light of the specific context of the case, not as a broad general proposition. *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

Plaintiff also argues that qualified immunity is not applicable where "supplemental jurisdiction" exists. ECF No. 33, at 1. However, there are no state law claims in this action, and whether the Court has supplemental jurisdiction over any state claim does not prevent the application of qualified immunity to the federal claim.

Finally, Plaintiff cites two Ninth Circuit cases, *Brigaerts v. Cardoza*, 952 F.2d 1399 (9th Cir. 1992) and *Muhammad v. Turbin*, 199 F.3d 1332 (9th Cir. 1999), in arguing that the Ninth Circuit has addressed "circumstances in which inmates were housed in situations that placed them at a serious risk of contracting a contagious disease and found that it could be deliberate indifference." ECF No. 33, at 4. Plaintiff therefore believes that *Brigaerts* and *Muhammad,* both unpublished decisions, provided notice to Defendant "that subjecting inmates to a substantial risk of contracting a serious

5

disease without taking steps to protect them would violate the Eighth Amendment." ECF No. 33, at 4.

Again, however, Plaintiff frames the issue too broadly. Moreover, both *Brigaerts* and *Muhammad* involved contagious diseases. Valley Fever, by contrast, is an illness related to fungus in soil, and is an illness to which everyone in the area is exposed. Valley Fever is not a contagious disease, and these unpublished cases did not provide notice to Defendant that housing Plaintiff at ASP violated the Eighth Amendment.

Plaintiff has therefore failed to meet his burden of demonstrating that the right was clearly established at the time in question. Defendant is entitled to qualified immunity.

## D.   **FINDINGS AND RECOMMENDATIONS**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss the Third Amended Complaint be GRANTED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 4, 2016**                    /s/ Dennis L. Beck
                                                       UNITED STATES MAGISTRATE JUDGE